## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

------------------------------------------------- x

In re:

EVANS OIL COMPANY LLC,

          Debtor.

: Chapter 11

: Case No. 11-01515

: Judge David H. Adams

------------------------------------------------- x

In re:

KCWL, LLC,

          Debtor.

: Chapter 11

: Case No. 11-01519

: Judge David H. Adams

------------------------------------------------- x

In re:

LONG EQUIPMENT FINANCE, LLC,

          Debtor.

: Chapter 11

: Case No. 11-01520

: Judge David H. Adams

------------------------------------------------- x

In re:

LONG PETROLEUM PRODUCTS LLC,

          Debtor.

: Chapter 11

: Case No. 11-01521

: Judge David H. Adams

------------------------------------------------- x

In re:

LONG RUN, LLC,

          Debtor.

: Chapter 11

: Case No. 11-01522

: Judge David H. Adams

------------------------------------------------- x

3748079.1

|  | : | Chapter 11 |
| In re: | : | |
|  | : | Case No. 11-01523 |
| OCTANE, LLC., | : | |
|  | : | Judge David H. Adams |
| Debtor. | : | |
|  | : | |
| ---------------------------------------------------- x | | |
|  | : | Chapter 11 |
| In re: | : | |
|  | : | Case No. 11-01524 |
| RML, LLC, | : | |
|  | : | Judge David H. Adams |
| Debtor. | : | |
|  | : | |
| ---------------------------------------------------- x | | |

**EMERGENCY MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR AN INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO BANKRUPTCY CODE SECTION 363 AND GRANTING ADEQUATE PROTECTION PURSUANT TO BANKRUPTCY CODE SECTIONS 361 AND 363**

**(Emergency Hearing Requested)**

Evans Oil Company LLC ("Evans"), KCWL, LLC ("KCWL"), Long Equipment Finance, LLC ("Long Equipment"), Long Petroleum Products LLC ("Long Petroleum"), Long Run, LLC ("Long Run"), Octane, LLC ("Octane"); and RML, LLC ("RML" and together with Evans, KCWL, Long Equipment, Long Petroleum, Long Run and Octane, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Cases"), by and through their undersigned proposed counsel, hereby move (the "Motion") the Court pursuant to sections 105(a), 361 and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing the Debtors to utilize cash collateral on an emergency interim basis and, thereafter, on a permanent basis and granting adequate protection In support of this Motion, the Debtors respectfully state as follows:

2

3748079.1

## BACKGROUND

1.      On the date hereof (the "Petition Date"), Debtors commenced the Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  Debtors have concurrently filed a motion seeking to jointly administer their estates.

2.      Debtors are continuing in possession of their respective properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee, examiner, or official committee of unsecured creditors has been appointed in the Cases.

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of this case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### *Debtors and Debtors' Businesses*

4.      Evans, a Florida limited liability company located in Naples, Florida, is a distributor of bulk oil, gas, diesel and lubricant products.

5.      KCWL, a Florida limited liability company located in Naples, Florida, owns certain real estate leased to Evans.

6.      Long Equipment, a Florida limited liability company located in Naples, Florida, is an equipment leasing company which leases all of its equipment to Evans.

7.      Long Petroleum, a Florida limited liability company located in Naples, Florida, leases and operates a convenience store and service station.

8.      Long Run, a Florida limited liability company located in Naples, Florida, owns that certain warehouse building and improvements on Exchange Avenue, which is leased to Evans.

3

9.     Octane, a Florida limited liability company located in Naples, Florida, owns and charters that certain vessel known as "Octane".

10.     RML, a Florida limited liability company located in Naples, Florida, is a leasing company which leases all of its vehicles and equipment to Evans.

11.     Long Equipment, Octane and RML each is owned by Randy M. Long as its sole member.  Evans, Long Petroleum and Long Run each is owned by The Randy M. Long Revocable Trust U/A Dated January 3, 2000 as its sole member.  KCWL is owned by The Randy M. Long Irrevocable Trust Dated April 9, 2009 as the sole member.

12.     Randy M. Long is the manager of each of the Debtors.

13.     Evans, and its affiliates, own and operate a business which provides hundreds of customers, including Chevron-franchised service stations, retailers, agricultural producers, marinas, golf courses, schools, cities, counties and other municipalities with their requirements of various petroleum products.

14.     Evans' customers are located throughout southwest and south Florida.

15.     As of January 27, 2011, Evans, KCWL, Long Equipment, Long Petroleum, Long Run, Octane and RML reported assets of approximately $32,378,782.75 and liabilities of approximately $44,149,619.94 (excluding standby letters of credit).

16.     Evans' principal working capital and secured lender is Fifth Third Bank, which pursuant to that certain Amended and Restated Credit Agreement entered into as of April 16, 2010 provides various credit facilities to Evans.  Presently, Evans owes Fifth Third Bank approximately $34,000,000.

4

3748079.1

17.     Evans also is obligated under secured debt obligations to Northern Trust, NA secured by certain land, buildings and other real property improvements.  Presently, Evans owes Northern Trust approximately $719,000.

18.     RML and Long Equipment also have financed certain vehicles and other equipment through several equipment lenders and lessors.  Presently, RML and Long Equipment together owe such lenders and lessors approximately $2,800,000.

19.     Evans is substantially current with its suppliers, taxes, payroll and other creditors.

20.     Following the execution of the Fifth Third Bank Amended and Restated Credit Agreement, Evans requested and obtained, overdraft protection from Fifth Third Bank to cover the payment of items presented for payment in excess of the credit available under the Amended and Restated Credit Agreement.  At the time of the filing the net amount of these overdrafts is approximately $1,653,000.

21.     In 2010, Debtors transported over 50 million gallons of petroleum products, generated revenues of approximately $120,000,000 and EBIDTA in excess of $3,500,000.

22.     In order to continue their operations, Debtors now seek chapter 11 protection.

## RELIEF REQUESTED

23.     By this Motion, the Debtors seek authority to use cash collateral ("Cash Collateral") as that term is defined in section 363(a) of the Bankruptcy Code and provide adequate protection to secured creditors with an interest in such Cash Collateral.  The Debtors seek interim use of Cash Collateral pending a final hearing on this Motion.

## BASIS FOR RELIEF

22.     Debtors supply fuel and lubricants to customers ranging from service stations to marinas, golf courses and fleet operators.  Debtors' customers include Lee County, Lee County

5

Fleet Maintenance, Lee County Transit Buses, Lee County Port Authority (that operates Fort Myers airport), Collier County, Collier County Transit Buses, Naples Airport Authority, the City of Fort Myers, City of Sanibel, City of Marco Island, every school district in Lee and Collier County, Charlotte County Public Works and Charlotte County Public Schools, among others. Debtors have maintained these customers because they have served them without interruption through such adverse conditions as freezes, floods and hurricanes. Debtors have supply contracts with each of these customers.

23.    These customers require consistent and continuous supply, seven days a week. Because the customers' needs are quite literally incessant, Debtors cannot maintain its customer base without daily purchases and deliveries of fuel and lubricants.

24.    One of the Debtors' pressing concerns is the need for immediate use of Cash Collateral on an interim basis pending a final hearing. Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after service of such motion. Upon request, the Court is empowered to conduct a preliminary hearing on the Motion and authorize the restricted use of Cash Collateral to the extent necessary to avoid immediate and irreparable damage to the Debtors' estates. The Debtors require the use of Cash Collateral to pay present operating expenses, including payroll, and to pay vendors to ensure a continued supply of goods and services essential to the Debtors' continued viability.

25.    The Debtors' ordinary course of operations generates Cash Collateral through the collection of accounts receivable. Fifth Thirds asserts a security interest in Debtors' Cash Collateral.[1]

---

[1] The Debtors reserve the right to challenge the validity, priority and perfection of all security interests asserted by any party in any assets of any Debtor.

6

26.     The Debtors require the use of Cash Collateral in order to meet their expenses and maintain the operation of their businesses. Without the use of Cash Collateral, the Debtors' operations will be substantially, immediately and irreparably harmed. The continued operation of the Debtors' businesses are essential to their reorganization efforts.

27.     In order to avoid immediate and irreparable harm to the Debtors' estates pending a final hearing on this Motion, the Debtors require the interim use of Cash Collateral for the period commencing on the Petition Date through and including February 15, 2011, to pay, among other things, payroll, utilities, taxes, insurance, vendors, and other ordinary business costs and expenses.

28.     The Cash Collateral proposed to be used by the Debtors consists of cash on hand and cash to be generated from the continued operation of the Debtors' businesses.

29.     The Debtors believe and maintain that Fifth Thirds is adequately protected in any Cash Collateral that the Debtors may use. As adequate protection for any such interest in Cash Collateral used by Debtors, Fifth Third is to be granted replacement liens upon, and security interests in, Debtors' post-petition Cash Collateral, but only to the extent that Debtors diminish such Cash Collateral, and in no event to exceed the type, kind, priority and amount, if any, which existed on the Petition Date. Moreover, as further adequate protection of Fifth Third's interests in Cash Collateral, Debtors shall provide counsel for Fifth Third and any creditors' committee with such reports as described on the list attached hereto as Exhibit A.

30.     The Debtors seek to use Cash Collateral in accordance with their proposed consolidated budget (with a variance from actual-to-projected disbursements weekly not to exceed 10%, on a cumulative basis), a copy of which is attached hereto as Exhibit B (the "Budget"), for a period from the Petition Date through and including April 30, 2011 (the

7

"Period"), and thereafter upon further order of this Court, following a final hearing on this Motion, on a permanent basis, in accordance with its operating needs. The Budget projects that the Debtors' cash collateral will not diminish during the Period.

31.     Section 105(a) of the Bankruptcy Code provides that the Court may issue any order "necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtors' use of Cash Collateral as permitted by this Motion is essential to their ability to successfully reorganize.

32.     Moreover, section 363(c)(2) of the Bankruptcy Code provides that a debtor may not use, sell or lease cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

33.     The Debtors need immediate authority to use Cash Collateral to fund day-to-day operations. In sum, the authorization to use Cash Collateral will preserve the going concern value of the Debtors.

34.     The Debtors maintain that use of Cash Collateral is absolutely essential for continued operations and is therefore in the best interest of their creditors and estates to authorize the use of Cash Collateral.

## NOTICE

35.     Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region XXI; (ii) each of Debtors' secured lenders; (iii) counsel for Fifth Third Bank; (iv) the additional creditors identified on each Debtor's list of twenty (20) largest unsecured creditors; (v) other known claimants having liens or security interests in property of Debtors; (vi) the Internal Revenue Service; and (vii) the United States Department of Justice. In

8

light of the nature of the relief requested, Debtors submit that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that this Court enter an Order, in the form attached hereto as Exhibit C, (i) authorizing the Debtors' use of Cash Collateral on an emergency interim basis and, following a final hearing on this Motion, (ii) authorizing the Debtors to utilize Cash Collateral on a permanent basis without further order of this Court, and (iii) granting the Debtors such other and further relief as is just and equitable.

Respectfully submitted,

/s/ John S. Sarrett
John S. Sarrett (FL Bar No. 0812811)
HAHN LOESER & PARKS LLP
800 Laurel Oak Drive, Suite 600
Naples, FL 34108
Telephone:   (239) 254-2900
Facsimile:   (239) 254-7716
E-mail:       jsarrett@hahnlaw.com

and

Lawrence E. Oscar (OH Bar No. 0022696)
Daniel A. DeMarco (OH Bar No. 0038920)
Christopher B. Wick (OH Bar No. 0073126)
Emily W. Ladky (OH Bar No. 0085527)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114
Telephone:   (216) 621-0150
Facsimile:   (216) 241-2824
E-mail:       leoscar@hahnlaw.com
              dademarco@hahnlaw.com
              cwick@hahnlaw.com
              eladky@hahnlaw.com

*Proposed Counsel to the Debtors*

9

3748079.1

# EXHIBIT A

### (Financial Reporting)

Weekly (Each Tuesday for the period ended prior Saturday):

    -Budget v. Actual Receipts, Disbursements and Change in Cash Balance

# EXHIBIT B

Evans Oil Company, LLC and Affiliates
Cash Projection

DRAFT
CONFIDENTIAL

| | | February | March | April |
|---|---|---|---|---|
| Gallons | $2.81 | 4,270,463 | 4,911,032 | 4,804,270 |
| | | | | |
| Sales | | 12,000,000 | 13,800,000 | 13,500,000 |
| | | | | |
| **Cash Receipts** | | | | |
| Accounts receivable | | 12,200,000 | 12,900,000 | 13,500,000 |
| Sales tax charged to customers | | 35,000 | 35,000 | 35,000 |
| Fuel and Excise Taxes | 0.56 | 2,391,459 | 2,750,178 | 2,690,391 |
| | | | | |
| | | 14,626,459 | 15,685,178 | 16,225,391 |
| | | | | |
| **Disbursements** | | | | |
| Product purchases | 92.50% | 11,300,000 | 12,565,000 | 12,487,500 |
| Payroll plus taxes | | 260,000 | 260,000 | 260,000 |
| Health insurance-net | | 16,500 | 16,500 | 16,500 |
| Bank charges | | 2,000 | 2,000 | 2,000 |
| Credit card fees | | 4,500 | 4,500 | 4,500 |
| Fuel expense | | 90,000 | 95,000 | 95,000 |
| Employee expenses | | 1,500 | 1,500 | 1,500 |
| Dues & Subscriptions | | 3,000 | 3,000 | 3,000 |
| Fleet washing | | 1,000 | 1,000 | 1,000 |
| Workers comp insurance | | 10,000 | 10,000 | 10,000 |
| Insurance | | 27,000 | 27,000 | 60,000 |
| Leased equipment | | 127,293 | 127,293 | 127,293 |
| Licenses and fees | | 1,500 | 1,500 | 1,500 |
| Postage | | 2,500 | 2,500 | 2,500 |
| Shop supplies | | 5,500 | 5,500 | 5,500 |
| Repairs & Maintenance | | 25,000 | 25,000 | 25,000 |
| Office supplies | | 2,000 | 2,000 | 2,000 |
| Telephone & Utilities | | 13,000 | 13,000 | 13,000 |
| Uniforms | | 2,500 | 2,500 | 2,500 |
| Tolls | | 7,000 | 7,000 | 7,000 |
| Miscellaneous | | 20,000 | 20,000 | 20,000 |
| | | | | |
| Sales tax charged to customers | | 35,000 | 35,000 | 35,000 |
| Fuel and Excise taxes | | 2,391,459 | 2,750,178 | 2,690,391 |
| Management fee | | | 62,000 | 62,000 |
| Professional fees | | | 250,000 | 250,000 |
| US Trustee fees | | | | |
| | | | | |
| **Total Disbursements** | | 14,348,252 | 16,288,971 | 16,184,684 |
| Net cash | | 278,207 | (603,793) | 40,707 |
| | At Filing | | | |
| **Accounts Receivable** | | | | |
| Opening balance | 9,450,000 | 9,450,000 | 9,250,000 | 10,150,000 |
| Sales | | 12,000,000 | 13,800,000 | 13,500,000 |
| Less: Receipts | | (12,200,000) | (12,900,000) | (13,500,000) |
| Closing balance | | 9,250,000 | 10,150,000 | 10,150,000 |
| | | | | |
| Inventory | 1,928,000 | 1,928,000 | 1,928,000 | 1,928,000 |
| | | | | |
| **Cash** | | | | |
| Opening balance | 400,000 | 400,000 | 678,207 | 74,415 |
| Net cash | | 278,207 | (603,793) | 40,707 |
| Closing balance | | 678,207 | 74,415 | 115,122 |
| | | | | |
| **Cash Collateral** | 11,778,000 | 11,856,207 | 12,152,415 | 12,193,122 |
| **Change in Cash Collateral** | | 78,207 | 374,415 | 415,122 |

1/29/2011

Long Petroleum Products LLC  D/B/A Okeechobee Chevron
Cash Projection

DRAFT
CONFIDENTIAL

|  |  | February | March | April |
|---|---|---|---|---|
| **Gallons** |  |  |  |  |
| Sales | 720,000 | 650,323 | 720,000 | 696,774 |
| **Cash Receipts** |  |  |  |  |
| Accounts receivable |  | - | - | - |
| Sales tax charged to customers | 3,450 | 3,116 | 3,820 | 3,339 |
| Fuel and Excise Taxes |  | - | - | - |
|  |  | 653,439 | 723,820 | 700,113 |
| **Disbursements** |  |  |  |  |
| Product purchases | 89.00% | 578,787 | 640,800 | 620,129 |
| Payroll plus taxes |  | 19,000 | 19,000 | 19,000 |
| Bank charges |  | 260 | 260 | 260 |
| Credit card fees | 9,800 | 8,852 | 9,800 | 9,484 |
| Landscaping |  | 460 | 460 | 460 |
| Insurance |  | - | - | 1,600 |
| Pest Control |  | 65 | 65 | 65 |
| Store supplies |  | 1,500 | 1,500 | 1,500 |
| Repairs & Maintenance |  | 10,000 | 10,000 | 10,000 |
| Rent |  | 14,840 | 14,840 | 14,840 |
| Telephone & Utilities |  | 3,030 | 2,200 | 2,200 |
| Uniforms |  | 200 | 200 | 200 |
| Miscellaneous |  | 10,000 | 10,000 | 10,000 |
| Sales tax charged to customers |  | 3,116 | 3,820 | 3,339 |
| Management fee |  | - | - | - |
| Professional fees |  | - | - | - |
| US Trustee fees |  |  |  |  |
| **Total Disbursements** |  | 650,110 | 712,945 | 693,077 |
| Net cash |  | 3,329 | 10,875 | 7,036 |
|  | **At Filing** |  |  |  |
| **Inventory** | 78,000 | 78,000 | 78,000 | 78,000 |
| **Cash** |  |  |  |  |
| Opening balance | 10,000 | 10,000 | 13,329 | 24,204 |
| Net cash |  | 3,329 | 10,875 | 7,036 |
| Closing balance |  | 13,329 | 24,204 | 31,240 |
| **Cash Collateral** | 88,000 | 91,329 | 102,204 | 109,240 |
| **Change in Cash Collateral** |  | 3,329 | 14,204 | 21,240 |

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

-------------------------------------------------- x

In re:

EVANS OIL COMPANY LLC,

                Debtor.

Chapter 11

Case No. 11-01515

Judge David H. Adams

-------------------------------------------------- x

In re:

KCWL, LLC,

                Debtor.

Chapter 11

Case No. 11-01519

Judge David H. Adams

-------------------------------------------------- x

In re:

LONG EQUIPMENT FINANCE, LLC,

                Debtor.

Chapter 11

Case No. 11-01520

Judge David H. Adams

-------------------------------------------------- x

In re:

LONG PETROLEUM PRODUCTS LLC,

                Debtor.

Chapter 11

Case No. 11-01521

Judge David H. Adams

-------------------------------------------------- x

In re:

LONG RUN, LLC,

                Debtor.

Chapter 11

Case No. 11-01522

Judge David H. Adams

-------------------------------------------------- x

3748079.1

|              |         | :   | Chapter 11             |
| ------------ | ------- | --- | ---------------------- |
| In re:       |         | :   |                        |
|              |         | :   | Case No. 11-01523      |
| OCTANE, LLC, |         | :   |                        |
|              |         | :   | Judge David H. Adams   |
|              | Debtor. | :   |                        |
|              |         | :   |                        |

-------------------------------------------------------- x

|              |         | :   | Chapter 11             |
| ------------ | ------- | --- | ---------------------- |
|              |         | :   |                        |
| In re:       |         | :   |                        |
|              |         | :   | Case No. 11-01524      |
| RML, LLC,    |         | :   |                        |
|              |         | :   | Judge David H. Adams   |
|              | Debtor. | :   |                        |
|              |         | :   |                        |

-------------------------------------------------------- x

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO BANKRUPTCY CODE SECTION 363 AND GRANTING ADEQUATE PROTECTION PURSUANT TO BANKRUPTCY CODE SECTIONS 361 AND 363

THIS CASE came on for consideration of the *Emergency Motion of Debtors and Debtors-in-Possession for an Interim Order Authorizing Use of Cash Collateral Pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection Pursuant to Bankruptcy Code Section 361 and 363* (the "Motion")[1] [Docket No. ___], filed on behalf of Evans Oil Company LLC ("Evans") KCWL, LLC ("KCWL"), Long Equipment Finance, LLC ("Long Equipment"), Long Petroleum Products LLC ("Long Petroleum"), Long Run, LLC ("Long Run"), Octane, LLC ("Octane"), and RML, LLC ("RML" and together with Evans, KCWL, Long Equipment, Long Petroleum, Long Run and Octane, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Cases"), by and through their undersigned proposed counsel, for entry of an

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

2

order (a) authorizing interim and permanent use of Cash Collateral and granting adequate protection, and (b) seeking an emergency hearing on the Motion to consider the entry of an interim order pursuant to Bankruptcy Rule 4001 (this "Order") authorizing Debtors, *inter alia*, to use the Cash Collateral, all upon the terms and conditions set forth herein pending the Final Hearing referred to below; and (c) requesting that a final hearing (the "Final Hearing") be scheduled, and that notice procedures in respect of the Final Hearing be established by this Court to consider entry of a final order (the "Final Order") authorizing on a final basis, *inter alia*, the use of the Cash Collateral; and after due deliberation and hearing, this Court finds that: (i) it has jurisdiction over the matters raised in the Motion under 28 U.S.C. §§ 157 and 1334; (ii) venue of this matter is proper under 28 U.S.C. §§ 1408 and 1409; (iii) this matter is a core proceeding under 28 U.S.C. § 157(b)(2); (iv) the relief requested in the Motion is in the best interests of Debtors, their estates, creditors, and other parties in interest; (v) adequate and proper notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (vi) good and sufficient cause exists for the granting of the relief requested in the Motion as set forth herein. Accordingly, it is

  **ORDERED** that:

  1. The Motion is GRANTED on an interim basis.

  2. To the extent that Fifth Third Bank has a valid, perfected and enforceable security interests in Debtors' cash collateral ("Cash Collateral") as that term is defined under Bankruptcy Code Section 363(a), Debtors may use Cash Collateral for the period commencing on the Petition Date to pay those items delineated in the budget attached to this Order as Exhibit A (with a variance from actual-to-projected disbursements weekly

3

not to exceed 10%, on a cumulative basis collectively, the "Budget") through and including April 30, 2011. Debtors may, from time to time, submit to Fifth Third and any creditors' committee a revised cash budget, which budget, so long as cash collateral will not diminish, shall be deemed to be the Budget upon Debtors filing a Notice with the Court stating that under such budget cash collateral will not diminish.

3.      As adequate protection for any such interest in Cash Collateral used by Debtors, Fifth Third is granted replacement liens upon, and security interests in, Debtors' post-petition Cash Collateral, but only to the extent that Debtors diminish such Cash Collateral, and in no event to exceed the type, kind, priority and amount, if any, which existed on the Petition Date. Moreover, as further adequate protection of Fifth Third's interests in Cash Collateral, Debtors shall provide counsel for Fifth Third and any creditors' committee with such reports as described on the list attached hereto as Exhibit B.

4.      A final hearing to consider the Motion is scheduled for the _____ day of February, 2011, at _____ o'clock ___.M., prevailing Eastern Time. Any objections to the further use of Cash Collateral must be filed with the Bankruptcy Court and served upon counsel for the Debtors on or before the _____ day of February, 2011.

5.      A copy of this Order shall be served by Debtors or their counsel, by regular mail on (i) the Office of the United States Trustee for Region XXI; (ii) each of Debtors' secured lenders; (iii) counsel for Fifth Third Bank; (iv) the additional creditors identified on each Debtor's list of twenty (20) largest unsecured creditors; (v) other known claimants having liens or security interests in property of Debtors; (vi) the Internal

3748079.1

Revenue Service; and (vii) the United States Department of Justice, within five (5) days of entry of this Order.

6.      If notice is given in the manner provided herein, said notice shall be sufficient and proper and in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

7.      Nothing in the Motion or this Order shall be construed to impair Debtors' right, or the rights of any of Debtors' estates, to contest the validity, priority, perfection or amount of any claimed security interest of Fifth Third Bank.

8.      This Order shall be immediately effective and enforceable upon entry.

**DONE** and **ORDERED** in Chambers at Ft. Myers, Florida, on

_____.


_____
David H. Adams
United States Bankruptcy Judge

Copies to:

Debtors, Debtors' Attorney, United States Trustee
Alan J. Statman, Esq., Statman, Harris, & Eyrich LLC, 441 Vine Street, Ste. 3700, Cincinnati, OH 45202
Local Rule 1007(d) Parties in Interest List (Equity Security Holders / Top 20)
United States Treasury, Internal Revenue Service, Cincinnati, OH 45999-0039
U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001
Office of the Attorney General, State of Florida, the Capitol PL-01, Tallahassee, FL 32399-1050
All Points (Capital One Equipment Leasing), 275 Broadhollow Road, Melville, NY 11747
Ally, PO Box 9001948, Louisville, KY 40290-1948
Alter Moneta Corporation, 50 Lakefront Blvd., Ste 208, Buffalo, NY 14202
BB&T of Florida Business Loan Center, PO Box 580050, Charlotte, NC 28258-0050
BMW Bank of North America, PO Box 78066, Phoenix, AZ 85062-8066
Branch Banking and Trust Company, 8840 Tamiami Trail North, Naples, FL 34108
CitiCapital Commercial Corporation, 3950 Regent Blvd., Irving, TX 75063
Fifth Third Bank, 1000 Town Center #1400, Southfield, MI 48075
Fifth Third Bank, 999 Vanderbilt Beach Road 1MOC2A, Naples, FL 34108
Fifth Third Bank, PO Box 630778, Cincinnati, OH 45263-0778\
Ford Motor Credit, PO Box 790119, St. Louis, MO 63179-0119
General Electric Capital Corporation, PO Box 140849, Irving, TX 75014
GE Transportation Finance, PO Box 822108, Philadelphia, PA 19182-2108
Land Rover Capital Group, PO Box 78069, Phoenix, AZ 85062-8069
Long Time Insurance Co. Ltd., 3170 Horseshoe Dr. S., Naples, FL 34104
Mercedes Benz Financial, 6716 Grade lane, Bldg. 9, Suite 910, Louisville, KY 40213
Northern Trust Bank, NA 700 Brickell Avenue, Miami, FL 33131
Northern Trust, NA, 375 Fifth Avenue South, Naples, FL 34102
OFC Capital Corp./Wachovia, 576 Colonial Park Dr., Suite 100, Rosewell, GA 30075
Patriot Capital Corp., PO Box 790448, St. Louis, MO 63179-0448
Seneca Tank, Inc., 5585 N.E. 16th Street, Des Moines, IA 50313
US Bancorp, PO Box 580337, Minneapolis, MN 55458-0337
Wells Fargo Dealer Services, PO Box 25341, Santa Ana, CA 92799-5341

6

# EXHIBIT A

### (Budget)

Evans Oil Company, LLC and Affiliates
Cash Projection

DRAFT
CONFIDENTIAL

| | | February | March | April |
|---|---|---|---|---|
| Gallons | $2.81 | 4,270,463 | 4,911,032 | 4,804,270 |
| | | | | |
| Sales | | 12,000,000 | 13,800,000 | 13,500,000 |
| | | | | |
| **Cash Receipts** | | | | |
| Accounts receivable | | 12,200,000 | 12,900,000 | 13,500,000 |
| Sales tax charged to customers | | 35,000 | 35,000 | 35,000 |
| Fuel and Excise Taxes | 0.56 | 2,391,459 | 2,750,178 | 2,690,391 |
| | | 14,626,459 | 15,685,178 | 16,225,391 |
| | | | | |
| **Disbursements** | | | | |
| Product purchases | 92.50% | 11,300,000 | 12,565,000 | 12,487,500 |
| Payroll plus taxes | | 260,000 | 260,000 | 260,000 |
| Health insurance-net | | 16,500 | 16,500 | 16,500 |
| Bank charges | | 2,000 | 2,000 | 2,000 |
| Credit card fees | | 4,500 | 4,500 | 4,500 |
| Fuel expense | | 90,000 | 95,000 | 95,000 |
| Employee expenses | | 1,500 | 1,500 | 1,500 |
| Dues & Subscriptions | | 3,000 | 3,000 | 3,000 |
| Fleet washing | | 1,000 | 1,000 | 1,000 |
| Workers comp insurance | | 10,000 | 10,000 | 10,000 |
| Insurance | | 27,000 | 27,000 | 60,000 |
| Leased equipment | | 127,293 | 127,293 | 127,293 |
| Licenses and fees | | 1,500 | 1,500 | 1,500 |
| Postage | | 2,500 | 2,500 | 2,500 |
| Shop supplies | | 5,500 | 5,500 | 5,500 |
| Repairs & Maintenance | | 25,000 | 25,000 | 25,000 |
| Office supplies | | 2,000 | 2,000 | 2,000 |
| Telephone & Utilities | | 13,000 | 13,000 | 13,000 |
| Uniforms | | 2,500 | 2,500 | 2,500 |
| Tolls | | 7,000 | 7,000 | 7,000 |
| Miscellaneous | | 20,000 | 20,000 | 20,000 |
| | | | | |
| Sales tax charged to customers | | 35,000 | 35,000 | 35,000 |
| Fuel and Excise taxes | | 2,391,459 | 2,750,178 | 2,690,391 |
| Management fee | | | 62,000 | 62,000 |
| Professional fees | | | 250,000 | 250,000 |
| US Trustee fees | | | | |
| | | | | |
| **Total Disbursements** | | 14,348,252 | 16,288,971 | 16,184,684 |
| Net cash | | 278,207 | (603,793) | 40,707 |
| | At Filing | | | |
| **Accounts Receivable** | | | | |
| Opening balance | 9,450,000 | 9,450,000 | 9,250,000 | 10,150,000 |
| Sales | | 12,000,000 | 13,800,000 | 13,500,000 |
| Less: Receipts | | (12,200,000) | (12,900,000) | (13,500,000) |
| Closing balance | | 9,250,000 | 10,150,000 | 10,150,000 |
| | | | | |
| Inventory | 1,928,000 | 1,928,000 | 1,928,000 | 1,928,000 |
| | | | | |
| **Cash** | | | | |
| Opening balance | 400,000 | 400,000 | 678,207 | 74,415 |
| Net cash | | 278,207 | (603,793) | 40,707 |
| Closing balance | | 678,207 | 74,415 | 115,122 |
| | | | | |
| Cash Collateral | 11,778,000 | 11,856,207 | 12,152,415 | 12,193,122 |
| Change in Cash Collateral | | 78,207 | 374,416 | 415,122 |

Long Petroleum Products LLC  D/B/A Okeechobee Chevron     DRAFT
Cash Projection                                          CONFIDENTIAL

|  |  | February | March | April |
|---|---|---|---|---|
| **Gallons** |  |  |  |  |
|  |  |  |  |  |
| Sales | 720,000 | 650,323 | 720,000 | 696,774 |
|  |  |  |  |  |
| **Cash Receipts** |  |  |  |  |
| Accounts receivable |  | - | - | - |
| Sales tax charged to customers | 3,450 | 3,116 | 3,820 | 3,339 |
| Fuel and Excise Taxes |  | - | - | - |
|  |  |  |  |  |
|  |  | 653,439 | 723,820 | 700,113 |
|  |  |  |  |  |
|  |  |  |  |  |
| **Disbursements** |  |  |  |  |
| Product purchases | 89.00% | 578,787 | 640,800 | 620,129 |
| Payroll plus taxes |  | 19,000 | 19,000 | 19,000 |
| Bank charges |  | 260 | 260 | 260 |
| Credit card fees | 9,800 | 8,852 | 9,800 | 9,484 |
| Landscaping |  | 460 | 460 | 460 |
| Insurance |  | - | - | 1,600 |
| Pest Control |  | 65 | 65 | 65 |
| Store supplies |  | 1,500 | 1,500 | 1,500 |
| Repairs & Maintenance |  | 10,000 | 10,000 | 10,000 |
| Rent |  | 14,840 | 14,840 | 14,840 |
| Telephone & Utilities |  | 3,030 | 2,200 | 2,200 |
| Uniforms |  | 200 | 200 | 200 |
| Miscellaneous |  | 10,000 | 10,000 | 10,000 |
|  |  |  |  |  |
| Sales tax charged to customers |  | 3,116 | 3,820 | 3,339 |
| Management fee |  |  | - | - |
| Professional fees |  | - | - | - |
| US Trustee fees |  |  |  |  |
|  |  |  |  |  |
| **Total Disbursements** |  | 650,110 | 712,945 | 693,077 |
| Net cash |  | 3,329 | 10,875 | 7,036 |
|  | At Filing |  |  |  |
|  |  |  |  |  |
| Inventory | 78,000 | 78,000 | 78,000 | 78,000 |
|  |  |  |  |  |
| **Cash** |  |  |  |  |
| Opening balance | 10,000 | 10,000 | 13,329 | 24,204 |
| Net cash |  | 3,329 | 10,875 | 7,036 |
| Closing balance |  | 13,329 | 24,204 | 31,240 |
|  |  |  |  |  |
| Cash Collateral | 88,000 | 91,329 | 102,204 | 109,240 |
| Change in Cash Collateral |  | 3,329 | 14,204 | 21,240 |

# **EXHIBIT B**

## **(Financial Reporting)**

Weekly (Each Tuesday for the period ended prior Saturday):

-Budget v. Actual Receipts, Disbursements and Change in Cash Balance