**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

In re:

| | |
|---|---|
| | Chapter 11 |
| EVANS OIL COMPANY LLC | Case No. 9-11-bk-1515-DHA |
| KCWL, LLC | Case No. 9-11-bk-1519-DHA |
| LONG EQUIPMENT FINANCE, LLC | Case No. 9-11-bk-1520-DHA |
| LONG PETROLEUM PRODUCTS, LLC | Case No. 9-11-bk-1521-DHA |
| LONG RUN, LLC | Case No. 9-11-bk-1522-DHA |
| OCTANE, LLC | Case No. 9-11-bk-1523-DHA |
| RML, LLC | Case No. 9-11-bk-1524-DHA |
| Debtors _____ / | **(Jointly Administered Under Case No. 9-11-bk-1515-DHA)** |

**MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO AN
INSURANCE PREMIUM FINANCE AGREEMENT**

Evans Oil Company LLC ("Evans"), KCWL, LLC ("KCWL"), Long Equipment Finance, LLC ("Long Equipment"), Long Petroleum Products LLC ("Long Petroleum"), Long Run, LLC ("Long Run"), Octane, LLC ("Octane"), and RML, LLC ("RML" and together with Evans, KCWL, Long Equipment, Long Petroleum, Long Run and Octane, "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 cases (the "Cases"), by and through their undersigned proposed counsel, hereby move (the "Motion"), this Court for entry of an order authorizing Debtors to enter into an insurance premium finance agreement. In support of the Motion, Debtors respectfully state as follows:

**BACKGROUND**

1.      On January 30, 2011 (the "Petition Date"), Debtors commenced the Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.      Debtors are continuing in possession of their property and assets and are operating and managing their respective businesses as debtors-in-possession pursuant to sections 1107 and

3902708.1

1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Cases.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue in these Cases is in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Prior to and continuing since the Petition Date, Debtors have had property insurance in place to cover the valuable assets of their respective estates, including certain buildings, vehicles, and real property. The current insurance policies renewed for another year on April 12, 2011.

5. Prior to the Petition Date, Debtors used premium finance agreements to eliminate the requirements for a large up-front payment to an insurance company, providing a vehicle to make a single payment plan to cover all insurance coverage, and to obtain insurance coverage without having to liquidate other assets. Debtors believe continuing this policy is in the best interest of their respective estates.

6. Debtors, in their business judgment and through working with its insurance agent, Gulfshore Insurances, Inc., determined that the best and most appropriate insurance policies could be provided through numerous insurance companies, including but not limited to: Travelers Casualty & Surety of America; National Interstate Insurance Company; International Insurance of Hannover, Ltd.; and Navigators Specialty Insurance Company. These insurance companies providing coverage for Debtors were the same insurance companies providing coverage as of the Petition Date and to the estates on a post-petition basis. Furthermore, any specific requests to be listed as an additional loss-payee made by a creditor or the United States Trustee remain in effect. Accordingly, Debtors have taken appropriate measures to renew

3902708.1

coverage under these policies in order to obtain general liability, hazard, umbrella, crime ELPI, wind, and automobile insurance coverage for the benefit of the Debtors' estates.

7. Insurance premium finance agreements generally require a security interest in the unearned premiums or other sums which may become payment under the actual insurance policies. Debtors were unable to find an insurance premium financing company that would provide insurance premium financing on an unsecured basis. The best and most appropriate financing, in the Debtors' business judgment, has been provided by Premium Assignment Corporation ("PAC"). A copy of the Premium Finance Agreement (the "Agreement") between PAC and Debtors is attached hereto as Exhibit A. As expected, the Agreement requires Debtors to grant a security interest in the unearned premiums or other sums which may become payable under the Scheduled Policies of Insurance (defined in the Agreement).

8. As set forth in the Agreement, the cash price of the premiums equals $331,372.27 per annum. Consistent with their cash collateral budget, Debtors have made a down payment totaling 20% of the cash price ($66,274.45) and request approval of this Court to finance the remaining portion ($265,097.82 plus fees in the amount of $927.85) at an annual interest rate of 2.9%. Pursuant to the Agreement, commencing on May 12, 2011, Debtors will make ten (10) monthly payments each in the amount of $26,957.44. As referenced above, pursuant to the Agreement, PAC will be granted "a security interest in any unearned premiums or other sums which may become payable under the Scheduled Policies of Insurance shown on page 3 [of the Agreement]." *See* Exhibit A.

## RELIEF REQUESTED

9. By this Motion, Debtors seek entry of an order authorizing Debtors to enter into the Agreement with PAC.

3

**BASIS FOR RELIEF**

10. The insurance policies are essential to preserve valuable assets of the Debtors' estates. Therefore, Debtors seek authority, pursuant to Section 364(c)(2) of the Bankruptcy Code, to enter into the Agreement with PAC for financing insurance premiums. Section 364(c)(2) provides as follows:

> "If the Trustee is unable to obtain unsecured credit allowable under Section 503(b)(1) of this title as an administrative expense, the court, after noticing the hearing, may authorized the obtaining of creditor or the incurring of debt – (2) secured by a lien on property of the estate that is not otherwise subject to a lien[.]"

11 U.S.C. § 364(c)(2).

11. Approval of the Agreement is necessary to enable Debtors to pay the insurance premium amounts required for coverage under the policies, totaling in excess of $331,372.27.

12. Premium finance agreements are common commercial transactions. *In re RBS Indus., Inc.,* 67 B.R. 946, 950 (Bankr. D. Conn. 1986) (*citing In re Duke Roofing,* 47 B.R. 990, 994 (E.D. Mich. 1985). Under insurance premium financing agreements, by which premium finance companies advance funds to an insured to prepay premiums, the insured assigns the unearned premiums to the finance company as collateral. The premium finance company's secured interest is typically characterized as a purchase money security interest. *In re Schwinn Bicycle Co.*, 182 B.R. 514, 523 n.12 (Bankr. N.D. Ill. 1995) (*citing In re U.S. Repeating Arms Co.*, 67 B.R. 990, 997 (Bankr. D. Conn. 1986). Absent the Agreement, there would be no unearned premiums, thus no prior liens attached to the unearned premiums, and Debtors should be granted authority to enter into the Agreement.

13. A copy of the Proposed Order is attached hereto as <u>Exhibit B</u>.

## NOTICE

14. Notice of this Motion has been provided to (i) the Office of the United States Trustee for Region XXI; (ii) each of Debtors' secured lenders; (iii) counsel for Fifth Third Bank; (iv) Debtors' financial institutions; (v) the additional creditors identified on each Debtor's list of twenty (20) largest unsecured creditors; (vi) other known claimants having liens or security interests in property of Debtors; (vii) the Internal Revenue Service; and (viii) the United States Department of Justice. In light of the nature of the relief requested, Debtors submit that no other or further notice is necessary.

WHEREFORE, Debtors respectfully request that the Court enter an Order authorizing Debtors to enter into the Agreement with PAC for insurance premium financing and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher B. Wick*
John S. Sarrett (FL Bar No. 0812811)
HAHN LOESER & PARKS LLP
800 Laurel Oak Drive, Suite 600
Naples, FL 34108
Telephone:  (239) 254-2900
Facsimile:  (239) 254-7716
E-mail:  jsarrett@hahnlaw.com

and

Daniel A. DeMarco (OH Bar No. 0038920)
Christopher B. Wick (OH Bar No. 0073126)
Emily W. Ladky (OH Bar No. 0085527)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114
Telephone:  (216) 621-0150
Facsimile:  (216) 241-2824
E-mail:  dademarco@hahnlaw.com
            cwick@hahnlaw.com
            eladky@hahnlaw.com
*Counsel to the Debtors*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing were served upon the parties identified below on this 13th day of April 2011 by the method indicated.

/s/ Christopher B. Wick
*One of the Attorneys to the Debtors*

# SERVICE LISTS

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case and who were served by the Court's electronic noticing system:

- Daniel A DeMarco    dademarco@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

- Brian T Giles    bgiles@statmanharris.com

- Paul Anthony Giordano    pgiordano@fowlerwhite.com, ann.greulich@fowlerwhite.com;cynthia.ferguson@fowlerwhite.com

- David E Hicks    theresa.byington@gmail.com

- Mark D. Hildreth    mhildreth@slk-law.com, dcooper@slk-law.com

- Brad W. Hissing    bankruptcynotices@kasslaw.com, bankruptcynotices@yahoo.com

- Robert S Hoofman    rhoofman@rushmarshall.com, arivera@rushmarshall.com

- Richard Johnston    richard.johnston@fowlerwhite.com, cynthia.ferguson@fowlerwhite.com;ann.greulich@fowlerwhite.com

- James P S Leshaw    leshawj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com

- John S Sarrett    jsarrett@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com

- John S Schoene    schoenej@earthlink.net, snydercd@earthlink.net

- Arthur J Spector    aspector@bergersingerman.com, efile@bergersingerman.com;byglesia@bergersingerman.com

- Jeffrey S Stein    PACERteam@gardencitygroup.com

- United States Trustee - FTM    USTPRegion21.TP.ECF@USDOJ.GOV

3902708.1

- Christopher B Wick    cwick@hahnlaw.com, hlpcr@hahnlaw.com
- J Steven Wilkes    steven.wilkes@usdoj.gov

The Garden City Group, Inc., the Debtors claim and noticing agent, is, at the direction of the Debtors' counsel, serving the Motion on the parties identified below on this 13th day of April 2011 (the "GCG Service"). An affidavit detailing the GCG Service will be filed with the Court.

The following parties will be served by GCG:

(i) The Office of the United States Trustee for Region XXI; (ii) each of Debtors' secured lenders; (iii) counsel for Fifth Third Bank; (iv) Debtors' financial institutions; (v) the additional creditors identified on each Debtor's lists of twenty (20) largest unsecured creditors; (vi) other known claimants having liens or security interests in property of Debtors; (vii) the Internal Revenue Service; (viii) the United States Department of Justice; (ix) Gulfshore Insurance Inc./Naples, 4100 Goodlette Rd. N., Suite 100, Naples, FL 34103; and (x) Premium Assignment Corporation, P.O. Box 3066-3522 Thomasville Rd., Tallahassee, FL 32315.

# EXHIBIT A

# PREMIUM FINANCE AGREEMENT

**PREMIUM ASSIGNMENT CORPORATION**

***A975650***

**Florida**
P.O. Box 3066 - 3522 Thomasville Rd.
Tallahassee, FL  32315
Phone  850-907-5610

| ☐ PERSONAL | ☒ COMMERCIAL | ☐ NEW | ☒ AGENCY RENEWAL | ☐ ADD'L PREMIUM |

THIS AGREEMENT, made effective the ____**12**____ day of ____**April 2011**____, between
____**EVANS OIL CO LLC DIP**____
(Name of Borrower/Insured exactly as it appears in financed policies)    SSN OR TAX # ____

ADDRESS ____**3170 S HORSESHORE DR**____

CITY ____**NAPLES**____    STATE ____**FL**____    ZIP ____**34104**____    PHONE # ____

hereinafter called the Borrower, and Premium Assignment Corporation , a Florida Corporation hereinafter called Lender, for the purpose of financing the purchase of insurance policies described in the Scheduled Policies of Insurance listed in page 3 to this Agreement.

| TOTAL PRICE OF PREMIUMS | - CASH DOWN PAYMENT | = PRINCIPAL BALANCE OWED ON PREMIUMS | + DOC STAMPS & SERVICE FEE (if applicable) | = TOTAL AMOUNT FINANCED | + FINANCE CHARGE (Amount credit costs over term of loan) | = TOTAL OF PAYMENTS (Amount paid if all payments made as scheduled) | ANNUAL INTEREST RATE |
|---|---|---|---|---|---|---|---|
| 331,372.27 | 66,274.45 | 265,097.82 | 927.85 | 266,025.67 | 3,548.73 | 269,574.40 | 2.90 |

| **SELECT BILLING OPTION:** ☐ Payment Book ☒ Monthly Invoice | Amount of Monthly Payment | Number of Payments | Date First Payment is Due |
|---|---|---|---|
| **YOUR PAYMENT SCHEDULE WILL BE:** Each monthly payment due on same day of each succeeding month until paid in full. | 26,957.44 | 10 | 5/12/2011 |

**FOR VALUE RECEIVED, BORROWER PROMISES TO PAY** to the order of Lender at the address given at the top of this page, the Total Amount Financed and all sums shown above, including interest at the Annual Interest Rate and other charges as described hereinafter, pursuant to the terms stated below and in page 2 of this Agreement.

**1.** **SECURITY FOR PAYMENT:**  To secure payment of all sums due under this Agreement, Borrower grants Lender a security interest in any unearned premiums or other sums which may become payable under the Scheduled Policies of Insurance shown on page 3.

**2.** **LIMITED POWER OF ATTORNEY:**   BORROWER IRREVOCABLY APPOINTS LENDER AS ATTORNEY-IN-FACT TO CANCEL THE SCHEDULED POLICIES OF INSURANCE AFTER BORROWER DEFAULTS IN MAKING PAYMENTS UNDER THIS AGREEMENT.

**3.**  **NOTICE TO BORROWER:** (1) Do not sign this Agreement before you read it, or if it contains any blank space, (2) You are entitled to a completely filled in copy of this Agreement, (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the service charge, and (4) BY SIGNING BELOW BORROWER AGREES TO THE PROVISIONS ABOVE AND ALL OF THE TERMS WHICH APPEAR ON THE SECOND PAGE OF THIS AGREEMENT AND ACKNOWLEDGES RECEIPT OF COPIES OF PAGES 1, 2 AND 3 OF THIS AGREEMENT.

**SIGNATURE OF ALL INSURED[S] NAMED IN POLICIES OR AUTHORIZED AGENT OF INSURED[S], AS PERMITTED BY LAW:**

____    X _____    ____    _____
Date    Name and Title:                          Date    Name and Title:

PRODUCER'S REPRESENTATIONS & WARRANTIES:

**The undersigned Producer represents and warrants that:**     (A) The Cash Down Payment shown above has been paid by or on behalf of the Borrower. (B) The Total Price of Premiums shown above has been or will be used to purchase insurance policies shown in the Scheduled Policies of Insurance on page 3 of this Agreement. Any portion of the Total Price of Premiums received by Producer that is not used to purchase such insurance policies, as well as any refunds or credits on such policies, shall be promptly paid to Lender. (C) To the best of the undersigned's knowledge and belief, Borrower is not subject to any bankruptcy or insolvency proceedings and Producer has no reason to believe that Borrower is insolvent. (D) The Borrower's signature(s) is (are) genuine and authorized, or to the extent permitted by applicable law, the Producer has been authorized by Borrower to sign this Agreement on Borrower's behalf. (E) Producer has delivered or will deliver a copy of this Agreement to Borrower. **Producer agrees that the Representations & Warranties above, as well as those on page 3 of this Agreement, are a binding contract between Producer and Lender.**

**PRODUCER / AGENCY**
Name   GULFSHORE INSURANCE INC/NAPLES
Address   4100 GOODLETTE RD N  STE 100
          NAPLES, FL 34103

4/12/2011
Date                       **PRODUCER'S SIGNATURE**



**IN CONSIDERATION** of the payment by Lender of the Principal Balance Owed on Premiums shown on page 1 to the insurance companies named in the Scheduled Policies of Insurance shown on page 3 (or the agents of such companies), the Borrower agrees:

**4. ACCEPTANCE DATE**  This Agreement is binding upon its acceptance by Lender.  Acceptance shall occur upon payment of the Principal Balance Owed on Premiums to the insurance companies named in the Scheduled Policies of Insurance, or the agents of such companies.

**5. PAYMENTS**  Borrower shall make payments directly to Lender in the amounts and at the same time specified on page 1 of this Agreement.  Payments shall be made at Lender's address given at the top of page 1 or such other address as Lender may direct in writing.  Payments made to any other address, person, firm, corporation or insurance agency (including but not limited to the Producer) shall not constitute payment to Lender.  Payments received after cancellation of the Scheduled Policies of Insurance shall be credited to the unpaid balance due under this Agreement and shall not constitute reinstatement of the cancelled policies, nor shall it constitute a waiver by Lender of any rights.

**6. LATE CHARGES**  If a payment is more than 5 days late, Borrower agrees to pay a late charge not to exceed the greater of $10.00 or 5% of each delinquent or unpaid installment, unless prohibited by applicable law.

**7. DEFAULT/CANCELLATION**  A default shall occur if Borrower fails to pay any sums required by this Agreement in a timely manner or if Borrower transfers a Scheduled Policy of Insurance.  After default, any unpaid balance of the Total Amount Financed shall become immediately due and payable in full and Lender may enforce its security interest and its rights under the Limited Power of Attorney.  Interest will continue to accrue on the unpaid balance at the Annual Percentage Rate or maximum rate allowed by applicable law, at the option of Lender, until all balances owed under this Agreement are paid.  Lender may request cancellation of all or any of the Scheduled Policies of Insurance at the earliest time after default permitted by applicable law.  Should Lender cancel the Scheduled Policies of Insurance, Borrower agrees to pay Lender a cancellation fee of $0 as permitted by applicable law.

**8. EXCESS INTEREST OR FEES**   It is the intent of the Lender that no interest, fee or charge in excess of that permitted by applicable law will be charged, taken or become payable under this Agreement.  In the event it is determined that Lender has taken, charged or accrued interest, fees or charges in excess of that permitted under law, such excess shall be returned to Borrower or credited against the sum due Lender hereunder.

**9. REFUNDS**  The Borrower will receive a refund of the finance charge if the account is prepaid in full prior to the last installment due date.  The refund shall be computed according to applicable law subject to a nonrefundable service charge of $20.

**10. SHORTAGE OR OVERAGE OF RETURNED PREMIUM** If Lender does not receive unearned premiums or other funds after cancellation or expiration of the Scheduled Policies of Insurance in an amount sufficient to pay the unpaid balance due under this Agreement, Borrower agrees to pay the deficiency to Lender on demand.  Interest shall accrue on the deficiency at the Annual Percentage Rate, or the maximum rate allowed by applicable law, at the option of Lender.  If the unearned premiums received by Lender are more than the amount due under this Agreement, the excess shall be returned to Borrower within the time allowed by applicable law.  If Borrower's refund is less than $1.00 no refund need be made.

**11. ATTORNEYS FEES/COURT COSTS**     Borrower agrees to pay all attorneys fees, expenses and costs incurred by Lender in collecting amounts due from Borrower under this Agreement, which shall not exceed 20% of the amount due if the agreement is referred to an attorney not a salaried employee of Lender, including attorneys fees incurred on appeal and in bankruptcy.

**12. LENDER RELATIONSHIP**  Borrower acknowledges that: (a) Lender is not an insurance agent nor an insurance company, (b) This Agreement is a financing agreement and not an insurance policy or guarantee of insurance coverage, (c) Lender has played no part in the selection or structuring of the financed insurance policies, (d) Lender has no obligation to request reinstatement of any insurance policies properly cancelled after a default under this Agreement, and (e) The decision of whether to reinstate insurance coverage is made solely by the insurance companies providing coverage, not Lender.

**13. ADDITIONAL PREMIUMS**    Lender may advance to Producer, as Borrower's agent, or to an insurance company any additional premiums that may become due under the Schedule Policies of Insurance, after borrower's payment of the down payment, by adding the advanced amount, plus any finance charge, to Borrower's balance under this Agreement.  However, any additional premium which is owed to the insurance company(ies) named in the Scheduled Policies of Insurance as a result of any misclassification of risk which is not paid in full or financed in this Agreement may result in cancellation of the coverage by the insurance company for nonpayment of premium.  Lender's payment shall not be applied by the insurer to pay for any additional premium owed by Borrower as a result of any misclassification of risk.

**14. LENDER LIABILITY**   Lender is not responsible for any damages resulting from cancellation of the Scheduled Policies of Insurance by Lender, as long as the cancellation was done in accordance with applicable law.  Borrower shall be responsible for Lender's reasonable attorneys fees and expenses for any unsuccessful action filed by Borrower seeking damages for improper cancellation.  Lender's liability for breach of this Agreement shall be limited to the Principal Balance Financed under this Agreement, if permitted by applicable law.

**15. RETURNED CHECKS**  Borrower agrees to pay a returned check fee of $15, as allowed by applicable law, for each of Borrower's checks returned to Lender for Insufficient funds or because the insured has no account in the payor bank.

**16. WARRANTIES OF BORROWER**   Borrower warrants that: (a) Each of the Scheduled Policies of Insurance have been issued or a binder has been issued; (b) Borrower has not and will not assign or encumber any unearned premium of the Scheduled Policies of Insurance or grant a power of attorney to cancel the Scheduled Policies of Insurance to anyone other than Lender until all sums due under this Agreement are paid in full; (c) Lender may assign all its rights under this Agreement as allowed by applicable law; (d) No proceeding in bankruptcy or insolvency has been instituted by or against Borrower or is contemplated by Borrower, and (e) No insurance financed by this Agreement was purchased for personal, family or household purposes, unless so indicated on page 1.

**17. INTEREST CALCULATION** Interest is computed on an annual basis of 12 months of 30 days on the balance of the Total Amount Financed, from the effective date of the earliest insurance policy for which premiums are being advanced to the date when all sums due under this Agreement are paid.

**18. BLANK SPACES**  Borrower agrees that if any policy financed by this Agreement has not been issued at the time the Agreement is signed, the names of the insurance companies issuing the financed policies, the policy numbers and the due date of the first installment may be inserted in the Agreement after it is signed.

**19. GOVERNING LAW** The Parties agree that the law of the state in which this Agreement is executed shall control the interpretation of the Agreement and the rights of the parties, unless the Agreement is executed in a state without premium finance laws, in which case the law of the State of Florida shall govern.

**20. SAVINGS AND MERGER CLAUSE** The Parties agree that if one or more portions of this Agreement are found to be invalid or unenforceable for any reason, the remaining portions shall remain fully enforceable.  The parties also agree that this Agreement contains the entire agreement between the parties regarding the subject matter herein and supersedes any prior discussions.

**21. FINANCING OPTION**  Entry into this financing arrangement is not a condition of obtaining insurance.  You may opt to pay the premium for such insurance without financing such premium, or to obtain financing from some other source if you choose.



State: FL

# SCHEDULED POLICIES OF INSURANCE

V8(0)NI2.09P-0.07

| EVANS OIL CO LLC DIP | GULFSHORE INSURANCE INC/NAPLES | 05647 |
| --- | --- | --- |
| 3170 S HORSESHORE DR | 4100 GOODLETTE RD N STE 100 | |
| NAPLES, FL 34104 | NAPLES, FL 34103 | |
| ***A975650*** | (239) 261-3646 | |

| Premium | Down Payment | Unpaid Balance | Doc Stamps/Fees | Amt. Financed | Finance Charges | Total / Payments |
| --- | --- | --- | --- | --- | --- | --- |
| 331,372.27 | 66,274.45 *(20.00 %)* | 265,097.82 | 927.85 | 266,025.67 | 3,548.73 | 269,574.40 |
| **Payment** | **Payments** | **Rate** | **First Due** | **Type** | **Status** | **Contract Type** |
| 26,957.44 | 10 | 2.90 % | 5/12/2011 | INVOICE | RENEW | COMMERCIAL |

| EFF DATE / EXP DATE | | COMPANY / BROKER | CITY | ST | CO. # | TYPE MEP | POLICY NO. | TOTAL PREMIUM |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 4/12/2011 | CO: | NATIONAL INTERSTATE INS CO | RICHFIELD | OH | 84992 | PKG | EFD483012100 | 145,313.00 |
| 4/12/2012 | MGA: | ENERGI HOLDINGS INC | PEABODY | MA | 66844 | 0.00 % | | |
| | | | | | | | Taxes/Fees | 1,889.07 |
| | | | | | | | Total | 147,202.07 |
| 4/12/2011 | CO: | INTL INS OF HANNOVER LTD | TALLAHASSEE | FL | 85612 | PROP | | 48,209.00 |
| 4/12/2012 | MGA: | ENERGI HOLDINGS INC | PEABODY | MA | 66844 | 0.00 % | | |
| | | | | | | | Taxes/Fees | 3,763.86 |
| | | | | | | | Total | 51,972.86 |
| 4/12/2011 | CO: | NAVIGATORS SPECIALTY INS CO | RYE BROOK | NY | 87324 | UMBR | NY10EXC705027IC | 85,145.00 |
| 4/12/2012 | MGA: | ENERGI HOLDINGS INC | PEABODY | MA | 66844 | 0.00 % | | |
| | | | | | | | Taxes/Fees | 9,742.74 |
| | | | | | | | Total | 94,887.74 |

Created By: UFAH105        Auth Code:

## ADDITIONAL REPRESENTATIONS & WARRANTIES OF PRODUCER

(F) All information provided above is complete and correct in all respects and the policies listed above are or will be in force on the stated Effective Date and delivered by Producer to the Borrower, except for assigned risk or residual market policies.

(G) If any information listed above is or becomes incomplete or inaccurate, Producer shall promptly provide correct information to Lender.

(H) The Producer is an authorized policy issuing agent of the companies issuing the policies listed above or is the authorized agent of the MGA or broker placing the coverage directly with the insuring company,    **except those policies indicated with an "X".**

(I) None of the policies listed above are subject to reporting or retrospective rating provisions. All policies subject to audit, minimum or fully earned premium provisions are indicated below:

Policy No and Prefix No:

(J) Except as indicated above, all Scheduled Policies of Insurance can be cancelled by Borrower or Lender on 10 days notice and the unearned premiums will be computed pro rata or on the standard short rate table.

(K) If any Scheduled Policies of Insurance are subject to audit, Producer and Borrower have made good faith determination that the deposit, provisional or initial premiums are not less than the anticipated premiums to be earned for the full term of the policy(ies).

(L) Upon cancellation of any of the Scheduled Policies of Insurance, Producer shall remit to Lender the full amount of the unearned premium, including unearned commission, as well as any other payments or credits received by Producer, up to the unpaid balance due under this Agreement, within 15 days of receipt from the insuring company.

**DOCUMENTARY STAMPS REQUIRED BY LAW IF ANY ARE AFFIXED TO MONTHLY JOURNAL AND CANCELLED.**



State: FL

# SCHEDULED POLICIES OF INSURANCE

V8(0)NI2.09P-0.07

| EVANS OIL CO LLC DIP | GULFSHORE INSURANCE INC/NAPLES | 05647 |
| --- | --- | --- |
| 3170 S HORSESHORE DR | 4100 GOODLETTE RD N STE 100 | |
| NAPLES, FL 34104 | NAPLES, FL 34103 | |
| ***A975650*** | (239) 261-3646 | |

| EFF DATE / EXP DATE | COMPANY / BROKER | CITY | ST | CO. # | TYPE / MEP | POLICY NO. | TOTAL PREMIUM |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 4/12/2011 | CO: TRAVELERS CAS & SURETY OF AM | GRAND RAPID | MI | 85748 | B&M | APPBLRE VAOI | 3,200.00 |
| 4/12/2012 | MGA: ENERGI HOLDINGS INC | PEABODY | MA | 66844 | 0.00 % | | |
| | | | | | | Taxes/Fees | 41.60 |
| | | | | | | Total | 3,241.60 |
| 4/12/2011 | CO: AGENCY CONSULTING FEE | TALLAHASSEE | FL | 83698 | FEES | | 34,068.00 |
| 4/12/2012 | MGA: | | | | 0.00 % | | |

Created By: UFAH105        Auth Code:

### ADDITIONAL REPRESENTATIONS & WARRANTIES OF PRODUCER

(F) All information provided above is complete and correct in all respects and the policies listed above are or will be in force on the stated Effective Date and delivered by Producer to the Borrower, except for assigned risk or residual market policies.

(G) If any information listed above is or becomes incomplete or inaccurate, Producer shall promptly provide correct information to Lender.

(H) The Producer is an authorized policy issuing agent of the companies issuing the policies listed above or is the authorized agent of the MGA or broker placing the coverage directly with the insuring company,     **except those policies indicated with an "X".**

(I) None of the policies listed above are subject to reporting or retrospective rating provisions. All policies subject to audit, minimum or fully earned premium provisions are indicated below:

Policy No and Prefix No:

(J) Except as indicated above, all Scheduled Policies of Insurance can be cancelled by Borrower or Lender on 10 days notice and the unearned premiums will be computed pro rata or on the standard short rate table.

(K) If any Scheduled Policies of Insurance are subject to audit, Producer and Borrower have made good faith determination that the deposit, provisional or initial premiums are not less than the anticipated premiums to be earned for the full term of the policy(ies).

(L) Upon cancellation of any of the Scheduled Policies of Insurance, Producer shall remit to Lender the full amount of the unearned premium, including unearned commission, as well as any other payments or credits received by Producer, up to the unpaid balance due under this Agreement, within 15 days of receipt from the insuring company.

**DOCUMENTARY STAMPS REQUIRED BY LAW IF ANY ARE AFFIXED TO MONTHLY JOURNAL AND CANCELLED.**

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION**

In re:

| | |
|---|---|
| | Chapter 11 |
| EVANS OIL COMPANY LLC | Case No. 9-11-bk-1515-DHA |
| KCWL, LLC | Case No. 9-11-bk-1519-DHA |
| LONG EQUIPMENT FINANCE, LLC | Case No. 9-11-bk-1520-DHA |
| LONG PETROLEUM PRODUCTS, LLC | Case No. 9-11-bk-1521-DHA |
| LONG RUN, LLC | Case No. 9-11-bk-1522-DHA |
| OCTANE, LLC | Case No. 9-11-bk-1523-DHA |
| RML, LLC | Case No. 9-11-bk-1524-DHA |
| Debtors_____/ | **(Jointly Administered Under Case No. 9-11-bk-1515-DHA)** |

**ORDER AUTHORIZING DEBTORS TO ENTER INTO
AN INSURANCE PREMIUM FINANCE AGREEMENT**

THIS CAUSE came on for hearing on the ____ day of May, 2011, upon Debtors' *Motion for Order Authorizing Debtors to Enter into an Insurance Premium Finance Agreement* (the "Motion"). The Court, having considered the Motion and the statements of counsel present, and it appearing that cause has been shown for the entry hereof and that no further notice need be given, and the Court being fully advised in the premises it is

Accordingly, it is ORDERED:

1. The Motion is GRANTED in full.

2. The Debtors are authorized to: (a) enter into that certain premium finance agreement attached to the Motion as Exhibit A (the "Agreement"), which is made a part hereof by reference, as of the ____ day of _____, 2011, (b) grant Premium Assignment Corporation or its assigns ("PAC") a first priority security interest in the collateral as specifically and exclusively described in the Agreement, and (c) pay PAC all sums due under the Agreement.

3. If additional premiums become due to insurance companies under the policies financed under the Agreement, the Debtors and PAC are authorized to modify the Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

4. In the event Debtors fail to make a payment due under the Agreement within fifteen (15) days of the due date, the automatic stay provided by 11 U.S.C. Section 362 shall be modified without the necessity of a motion, further hearing or order of this Court to permit PAC to exercise its rights under the Agreement to: (a) cancel the financed insurance policy(ies), and (b) collect and apply unearned premiums payable under the financed policies to the balance owed under the Agreement.

5. The rights of PAC under the Agreement are fully preserved and protected and are and shall remain unimpaired by this Bankruptcy proceedings, and shall remain in full force and effect, notwithstanding the subsequent conversion of this proceeding to one under Chapter 7 or any other provisions of the United States Bankruptcy Code.

**DONE** and **ORDERED** in Chambers at Ft. Myers, Florida, on _____.

_____
David H. Adams
United States Bankruptcy Judge

Copies furnished to:

Debtors, Debtors' Attorney, United States Trustee
Alan J. Statman, Esq., Statman, Harris, & Eyrich LLC, 441 Vine Street, Ste. 3700, Cincinnati, OH 45202
Local Rule 1007(d) Parties in Interest List (Equity Security Holders / Top 20)
United States Treasury, Internal Revenue Service, Cincinnati, OH 45999-0039
U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001
Office of the Attorney General, State of Florida, the Capitol PL-01, Tallahassee, FL 32399-1050
All Points (Capital One Equipment Leasing), 275 Broadhollow Road, Melville, NY 11747
Ally, PO Box 9001948, Louisville, KY 40290-1948
Alter Moneta Corporation, 50 Lakefront Blvd., Ste 208, Buffalo, NY 14202
BB&T of Florida Business Loan Center, PO Box 580050, Charlotte, NC 28258-0050
BMW Bank of North America, PO Box 78066, Phoenix, AZ 85062-8066
Branch Banking and Trust Company, 8840 Tamiami Trail North, Naples, FL 34108
CitiCapital Commercial Corporation, 3950 Regent Blvd., Irving, TX 75063
Fifth Third Bank, 1000 Town Center #1400, Southfield, MI 48075
Fifth Third Bank, 999 Vanderbilt Beach Road 1MOC2A, Naples, FL 34108
Fifth Third Bank, PO Box 630778, Cincinnati, OH 45263-0778\
Ford Motor Credit, PO Box 790119, St. Louis, MO 63179-0119
General Electric Capital Corporation, PO Box 140849, Irving, TX 75014
GE Transportation Finance, PO Box 822108, Philadelphia, PA 19182-2108

Land Rover Capital Group, PO Box 78069, Phoenix, AZ 85062-8069
Long Time Insurance Co. Ltd., 3170 Horseshoe Dr. S., Naples, FL 34104
Mercedes Benz Financial, 6716 Grade lane, Bldg. 9, Suite 910, Louisville, KY 40213
Northern Trust Bank, NA 700 Brickell Avenue, Miami, FL 33131
Northern Trust, NA, 375 Fifth Avenue South, Naples, FL 34102
OFC Capital Corp./Wachovia, 576 Colonial Park Dr., Suite 100, Rosewell, GA 30075
Patriot Capital Corp., PO Box 790448, St. Louis, MO 63179-0448
Seneca Tank, Inc., 5585 N.E. 16th Street, Des Moines, IA 50313
US Bancorp, PO Box 580337, Minneapolis, MN 55458-0337
Wells Fargo Dealer Services, PO Box 25341, Santa Ana, CA 92799-5341
Gulfshore Insurance Inc./Naples, 4100 Goodlette Rd. N., Suite 100, Naples, FL 34103
Premium Assignment Corporation, PO Box 3066-3522 Thomasville Rd., Tallahassee, FL 32315