# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

In re:

|  |  |
|---|---|
|  | Chapter 11 |
| EVANS OIL COMPANY LLC | Case No. 9-11-bk-1515-DHA |
| KCWL, LLC | Case No. 9-11-bk-1519-DHA |
| LONG EQUIPMENT FINANCE, LLC | Case No. 9-11-bk-1520-DHA |
| LONG PETROLEUM PRODUCTS, LLC | Case No. 9-11-bk-1521-DHA |
| LONG RUN, LLC | Case No. 9-11-bk-1522-DHA |
| OCTANE, LLC | Case No. 9-11-bk-1523-DHA |
| RML, LLC | Case No. 9-11-bk-1524-DHA |

Debtors **(Jointly Administered Under**
_____/ **Case No. 9-11-bk-1515-DHA)**

## MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR THE ENTRY OF AN ORDER APPROVING PROCEDURE FOR SALE OF DEMINIMIS ASSETS FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS

Evans Oil Company LLC ("Evans"), KCWL, LLC ("KCWL"), Long Equipment Finance, LLC ("Long Equipment"), Long Petroleum Products LLC ("Long Petroleum"), Long Run, LLC ("Long Run"), Octane, LLC ("Octane"), and RML, LLC ("RML" and together with Evans, KCWL, Long Equipment, Long Petroleum, Long Run and Octane, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Cases"), by and through their undersigned counsel, hereby move this Court (the "Motion") for the entry of a Sales Procedure Order[1] establishing procedures for the sale of De Minimis Assets free and clear of any and all Interests with all such Interests to attach to the proceeds of the Sale in their respective order of priority, and authorizing Debtors to consummate sales of De Minimis Assets pursuant to the terms, and subject to the conditions, of such Sale Procedures Order. In support of this Motion, Debtors respectfully state as follows:

---

[1] Unless otherwise stated herein, capitalized terms not defined in this introductory paragraph are subsequently defined herein.

## JURISDICTION, VENUE AND BASIS FOR RELIEF

1.      This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1408 and 1409. Among other things, sections 105, 362, 363, 1106, 1108, and 1146 of title 11 of the United States Bankruptcy Code 11 U.S.C. §§101-1532 (the "Bankruptcy Code"),[2] rules 2002, 4001, 6004 and 9013 of the Federal Rules of Bankruptcy Procedure (the "Rules") provide the basis for the relief requested herein.

## BACKGROUND

### General

2.      On January 30, 2011 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to Section 1107 and 1108, Debtors continue to operate their businesses and manage their properties as debtors-in-possession. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Cases.

3.      On March 17, 2011, the United States Trustee conducted the initial meeting of creditors with the Debtors and its bankruptcy professionals.

### Debtors' Use of Cash Collateral

4.      On the Petition Date, the Debtors sought interim and final use of cash collateral through its *Emergency Motion of Debtors and Debtors-in-Possession for an Interim Order Authorizing Use of Cash Collateral Pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection Pursuant to Bankruptcy Code Section 361 and 363* (the "Cash Collateral Motion")[3] [Docket No. 11].

---

[2] Unless otherwise defined or stated herein, all "Section" references are to the Bankruptcy Code.
[3] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion.

5.     On January 31, 2011, this Court authorized Debtors' continued use of cash collateral through that certain *Interim Order Authorizing Use of Cash Collateral Pursuant to Bankruptcy Code Section 363 and Granting Adequate Protection Pursuant to Bankruptcy Code Section 361 and 363* [Docket No. 31] (the "First Interim Cash Collateral Order").  Since then, the Court has approved Debtors' continued use of cash collateral through a series of interim cash collateral orders.  *See, i.e.*, Docket Nos. 63, 70, 117, and 154 (together, the "Interim Cash Collateral Orders").

6.     Pursuant to the Interim Cash Collateral Orders, Debtors currently are authorized to use cash collateral until April 14, 2011.    Debtors have reached an agreement with Fifth Third Bank, N.A. ("Fifth Third") regarding the terms for the continued use of Cash Collateral through May 26, 2011.  Debtors anticipate submitting an order regarding the same to the Court on or before the April 14, 2011 hearing date.

### Current Plan Filing and Use of Cash Collateral

7.     Pursuant to Section 1121(b), Debtors have the exclusive right to file a proposed plan or plans of reorganization until May 30, 2011. As of the date of this Motion, Debtors have not filed any plan or plans of reorganization yet.

### De Minimis Asset Transactions and
### Proposed De Minimis Asset Sale Procedures

8.     Debtors frequently encounter opportunities or needs to dispose of de minimis assets in transactions that, while common in the petroleum product transportation industry and in the history of the Debtors' operations, do not necessarily constitute an element of their core petroleum product transportation business.  A relatively frequent example of such circumstances occurs when Evans supplies a customer with certain gas pumping equipment and the customer later requests to purchase the equipment from Evans.   Presently, Debtors are engaged in

negotiations with at least one customer regarding the acquisition of certain gas pumping equipment for a cash purchase price of $20,000. Another example of asset dispositions that may be common in these Cases is the disposition of certain vehicles in which the Debtors may have equity, but which such disposition does not necessarily fall within the Debtors' ordinary course of the petroleum produce transportation business. Finally, Debtors anticipate the need for a Court order authorizing it the ability to dispose of de minimis assets including, without limitation, selling older equipment.

9.     In order to help minimize costs to the Debtors' estates associated with preparing and filing multiple requests for the sale of de minimis assets, the Debtors propose implementing procedures (the "De Minimis Asset Sale Procedures") for the sale, transfer, or other disposition of assets where the total consideration for such sale, transfer, or other disposition does not exceed $75,000 (the "De Minimis Assets"). The De Minimis Asset Sale Procedures may be summarized[4] as follows:

[REMAINDER OF THIS PAGE INTENTIONALLY HAS BEEN LEFT BLANK]

---

[4] Debtors encourage the Court and all interested parties to review the Sale Procedures in their entirety.

| Paragraph | Summary Description[5] |
|---|---|
|  | **Notice of Sale.** Debtors shall file a notice of sale (the "Notice of Proposed De Minimis Asset Sale"), substantially in the form attached to the proposed De Minimis Asset Sale Procedure Order (defined below) as Exhibit 1, that:<br><br>**(i)** identifies the De Minimis Assets proposed to be used, sold, or otherwise transferred (the "De Minimis Asset Sale");<br><br>**(ii)** states the consideration for such proposed De Minimis Asset Sale and the time by which such consideration must be delivered by the proposed buyer;<br><br>**(iii)** attaches a copy, if any, of the proposed agreement (the "Agreement") pursuant to which the proposed De Minimis Asset Sale is to occur;<br><br>**(iv)** attaches a proposed order approving the De Minimis Asset Sale, substantially in the form attached to the Notice of Sale as Exhibit 1 (the "Proposed De Minimis Asset Sale Order");<br><br>**(v)** provides that any objection to the proposed De Minimis Asset Sale (a "De Minimis Asset Sale Objection") must be filed with the Court and served on Debtors' counsel within ten (10) days after the date of filing of the Notice of Sale (the "De Minimis Asset Sale Objection Deadline");<br><br>**(vi)** provides that if a De Minimis Asset Sale Objection is filed on or before the De Minimis Asset Sale Objection Deadline, then the proposed De Minimis Asset Sale and De Minimis Asset Sale Objection shall be considered by the Court at the first hearing date to occur after the De Minimis Asset Sale Objection Deadline, unless otherwise ordered by the Court; and<br><br>**(vii)** provides that if no De Minimis Asset Sale Objection is filed on or before the De Minimis Asset Sale Objection Deadline, then the Proposed De Minimis Asset Sale Order shall be submitted to the Court for entry. |
|  | **Sale As-Is, Where-Is.** All De Minimis Asset Sales shall be (i) shall be sold (the "De Minimis Asset Sale") without representations or warranties of any kind, nature or description by Debtors, their agents or its estates; (ii) shall be transferred "as is," "where is" and with all faults. Debtors expressly disclaim any warranty of merchantability or fitness for a particular purpose and make no warranty, express or implied, as to the nature, quality, value, or condition of any asset. |

---

[5] All capitalized terms used in this Summary Description that are not otherwise defined herein shall have the meanings ascribed to them in the Agreement. In the event of any inconsistencies between this Motion and the Agreement, the provisions of the Agreement shall govern in all respects.

| Paragraph | Summary Description[5] |
|-----------|------------------------|
|           | **Sale Free and Clear of all Interests.** All of Debtors' right, title and interest in and to the De Minimis Assets shall be transferred, free and clear of all liens, claims, interests or encumbrances, if any, (collectively, "Interests") with such Interests, if any, to attach to the net proceeds of the Sale (the "De Minimis Asset Sale Proceeds") in their respective nature, extent, validity, and priority. No De Minimis Asset Sale Proceeds shall be distributed without further order of the Court. |

## RELIEF REQUESTED

10.     Debtors respectfully request the entry of an order, substantially in the form of the proposed order attached hereto as Exhibit A (the "De Minimis Asset Sale Procedures Order"), granting this Motion and (a) approving the De Minimis Asset Sale Procedures; and (b) granting Debtors such other and further relief to which they are justly entitled.

## LAW AND ARGUMENT

### The De Minimis Asset Sale Procedures are in the Best Interest of the Estate

11.     A debtor-in-possession may sell property of the estate outside of the ordinary course of business, subject to the approval of the court after notice and a hearing. 11 U.S.C. §363(b)(1). In accordance with Rule 6004(f)(1), sales of property outside of the ordinary course of business may occur by private sale or by public auction.[6] In determining whether to authorize such use, sale or lease of property under Section 363, a trustee must show that a sound business purpose justifies such actions. In fact, the Sixth Circuit has concluded that "a bankruptcy court can authorize a sale of all a Chapter 11 debtor's assets under Bankruptcy Code 363(b)(1) when a sound business purpose dictates such action" and prior to confirmation of a plan of reorganization. *Stephens Indus., Inc. v. McClung,* 789 F.2d 386, 389-90 (6th Cir. 1986). *See*

---

[6] Section 1107(a) of the Bankruptcy Code provides a debtor, as a debtor in possession, the same authority as a trustee to use, sell or lease property under section 363(b)(1).

*also In re Lionel Corp.* 722 F.2d 1063, 1070 (2d Cir. 1983) (holding that the court need only determine that the Debtor's decision is supported by "some articulated business justification."); *In re Gulf States Steel, Inc. of Alabama*, 285 B.R. 497, 514 (Bankr. N.D. Ala 2002) ("[T]he Trustee has the burden to establish sound business reasons for the terms of the proposed sale.").

12.     Applying Section 363, the courts generally have given substantial deference to sale proponents in formulating procedures for selling assets. *See, e.g., Integrated Res.,* 147 B.R. 650, 656-57 (S.D.N.Y. 1992), *appeal dismissed*, 3 F.3d 49 (2d Cir. 1993) (noting that overbid procedures and bid protections arrangements that have been negotiated by a debtor-in-possession are to be reviewed according to the deferential "business judgment" standard, under which such procedures and arrangements are "presumptively valid"); *In re 995 Fifth Ave. Assoc., L.P.,* 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989) (same).

13.     In the instant cases, the proposed De Minimis Asset Sale Procedures are supported by ample business justification and are reasonable and appropriate under the circumstances of these cases.   As indicated herein, on a relatively frequent basis Debtors encounter the need to dispose of De Minimis Assets in transactions that, while common to their business practices, nevertheless arguably fall outside of petroleum product transportation and distribution.   The proposed De Minimis Asset Sale Procedures streamline such dispositions, conserve costs to the estate, and enhance judicial economies.   The De Minimis Asset Sale Procedures further ensure that Debtors provide notice of proposed De Minimis Asset Sales and an opportunity to object thereto, while similarly minimizing the need to conduct hearings on each and every proposed De Minimis Asset Sale absent a timely filed De Minimis Asset Sale Objection.   Accordingly, it is in the best interests of the Debtors' estates to approve the proposed De Minimis Asset Sale Procedures.

### All De Minimis Asset Sales Should be Free and Clear of Liens, Claims and Other Encumbrances Generally

14.     Debtors seek authority, pursuant to Section 363(b), to sell the De Minimis Assets free and clear of any and all Interests, with such Interests to attach to the De Minimis Asset Sale Proceeds.  Section 363(b) provides, in pertinent part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. §363(b).  In general, Debtors may sell property of the estate outside of the ordinary course of business where the sale of such property represents an exercise of Debtors' sound business judgment.  *See In re BDK Health Mgmt.,* 1998 Bankr. LEXIS 2031, *12 (Bankr. M.D. Fla. 1998) (J. Briskman) *citing Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986) (citing *In re Lionel Corp.*, 722 F.2d 1063, 1070 (2d Cir. 1983)); *see also In re Martin,* 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Work Recovery, Inc*., 202 B.R. 301, 303 (Bankr. D. Ariz. 1996) (affirming that a debtor selling estate property should do so with good business judgment); *In re WBQ P'ship*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995) (affirming the sound business test as "a more sensible approach for providing creditors with a measure of protection outside the plan-confirmation process); *In re Abbotts Dairies of Pa., Inc.*, 788 F.2d 143, 145-47 (3d Cir. 1986) (implicitly adopting the articulated business judgment test of *In re Lionel Corp*.)**.**

15.     The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate.  *See, e.g., In re Food Barn Stores, Inc.*, 107 F. 3d 558, 564-65 (8th Cir. 1997) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the estate at hand"); *In re The Ohio Corrugating Co.,* 59 B.R. 11, 13 (Bankr. N.D. Ohio 1985); *In re Atlanta Packaging Prod., Inc.*, 99 B.R. 124, 131 (Bankr. N.D. Ga. 1988) ("It is a very well-established principle of bankruptcy law that the objective of bankruptcy sales and the

[debtor's] duty with respect to such sales is to obtain the highest price or greatest overall benefit possible for the estate.").

16.     Based on Debtors' own experience and the evaluation of available alternatives, Debtors determined that De Minimis Asset Sales consummated pursuant to the proposed De Minimis Asset Sale Procedures will accomplish a sound business purpose, will best achieve the intended purpose of expeditiously liquidating Debtor's estate, and will maximize returns for creditors, all while simultaneously minimizing the expense associated with consummating De Minimis Asset Sales.  For these reasons, Debtors submit that the proposed De Minimis Asset Sales will be undertaken in good faith and will be for fair value within the meaning of Section 363(m).

17.     De Minimis Asset Sales consummated pursuant to the proposed De Minimis Asset Sale Procedures  also satisfy the requirements of Section 363(f) for a sale free and clear of liens, claims, encumbrances and interests.  Section 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property as an entity other than the estate only if –
>
> i.      applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> ii.     such entity consents;
>
> iii.    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> iv.     such interest is in bona fide dispute; or
>
> v.      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

18.    Because Section 363(f) is drafted in the disjunctive, satisfaction of any of these five (5) requirements will suffice to approve these contemplated sales.  *See In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793-96 (Bankr. D. Del. 2002) (Section 363(f) is written in the disjunctive; the court approved the sale "free and clear" where only one of the five subsections of section 363(f) were met); *In re Elliot*, 94 B.R. 343 (E.D. Pa. 1988).

19.    Multiple courts have interpreted Section 363(f) broadly in authorizing free-and-clear sales.  *See, e.g., In re Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1149-50 (6th Cir. 1991); *UMWA 1992 Benefit Plan v. Leckie Smokeless Coal Co.* (*In re Leckie Smokeless Coal Co.*), 99 F.3d 573, 582 (4th Cir. 1996) (finding the purchaser took the coal company's assets free and clear of any successor liability under the Coal Act pursuant to Section 363(f)(5)); *Ragosa v. Canzano* (*In re Colarusso*), 295 B.R. 166, 175 (B.A.P. 1st Cir. 2003) (stating "the range of interests under § 363(f) may be broader than under §541(a)(1), because, unlike §541(a)(1), § 363(f) has no *exceptions*") (emphasis added); *In re Lady H Coal Co.*, 193 B.R. 233, 247 (Bankr. S.D. W. Va. 1996).

20.    Debtors submit that De Minimis Asset Sales with respect to which no timely De Minimis Asset Sale Objection is timely filed are consensual sales and, therefore, satisfy the requirements of Section 363(f)(2).  Further, any Interests in the De Minimis Assets shall be transferred from the De Minimis Assets to the proceeds of Sale to the same extent and with the same priority and validity as such Interests had in the De Minimis Assets prior to closing, pending a final determination as to the validity of such Interests and the allowance of any claims related thereto.  To the extent that De Minimis Asset Sale Objections are timely filed, Debtors can and will address the ability to sell the subject De Minimis Assets free and clear of Interests at any hearing thereon.

## Request for Waiver of the 10-Day Stay Under
## Bankruptcy Rule 6004(g) and 6006(d)

21.     Pursuant to Rules 6004(g) and 6006(d), unless the Court orders otherwise, all orders authorizing the sale of property pursuant to Section 363 are automatically stayed for ten (10) days after entry of the order. Fed. R. Bankr. P. 6004(g) and 6006(d). The purpose of Rules 6004(g) and 6006(d) is to provide sufficient time for an objecting party to request a stay pending appeal before the order can be implemented. *See* Advisory Comm. Notes to Fed R. Bankr. P. 6004(g) and 6006(d). Although Rules 6004(g) and 6006(d) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the ten day stay period, *Collier on Bankruptcy* suggests that the ten-day period should be eliminated to allow the sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy 6004.09 (15th Ed. 2004). Accordingly, Debtors respectfully request that the Court eliminate the ten day stay period under Rules 6004(h) and 6006(d) for De Minimis Asset Sales with respect to which no timely De Minimis Asset Sale Objection is timely filed.

## NOTICE OF MOTION AND SALE PROCEDURES

22.     Pursuant to Rules 2002(a)(2), 6004(c), notice of this Motion and of the relief requested herein was provided to (a) the United States Trustee; (b) all creditors appearing on the Debtors' Schedules of Assets and Liabilities; (c) all creditors filing a proof of claim in the Debtors' bankruptcy cases; (d) all known holders of alleged liens in the De Minimis Assets; and (e) all parties filing a request for service or notice of filings in the Debtors' bankruptcy cases (collectively, the "Initial Notice Parties"). As set forth in the proposed De Minimis Asset Sale Procedures, Debtors proposes that further notice of the De Minimis Asset Sale Procedures and subsequent Notices of Proposed De Minimis Asset Sales be limited to (i) the United States

Trustee, (ii) all of the Debtors known secured creditors; and (iii) all parties who have filed a notice of appearance or request for notice in the Debtors' bankruptcy case as of the date of entry of this De Minimis Asset Sale Procedures Order (collectively, the "Notice Parties"). Debtors respectfully submit that limiting subsequent notice of the De Minimis Asset Sale Procedures and Notices of Proposed De Minimis Asset Sales to the Notice Parties will help to mitigate the cost and expense associated with another "all creditor" service to the Initial Notice Parties. Debtors respectfully request that the Court find the foregoing notice just and proper.

## RESERVATION OF RIGHTS

23.     Debtors reserves the right to amend, supplement, or otherwise modify this Motion and all attachments and exhibits hereto at or before any hearing(s) thereon.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Christopher B. Wick*
John S. Sarrett (FL Bar No. 0812811)
HAHN LOESER & PARKS LLP
800 Laurel Oak Drive, Suite 600
Naples, FL 34108
Telephone:   (239) 254-2900
Facsimile:   (239) 254-7716
E-mail:       jsarrett@hahnlaw.com

and

Daniel A. DeMarco (OH Bar No. 0038920)
Christopher B. Wick (OH Bar No. 0073126)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114
Telephone:    (216) 621-0150
Facsimile:    (216) 241-2824
E-mail:        dademarco@hahnlaw.com
                  cwick@hahnlaw.com

*Counsel to the Debtors*

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that true and correct copies of the foregoing were served upon the parties identified below on this 13th day of April 2011 by the method indicated.

                                  */s/ Christopher B. Wick*
                                    *One of the Attorneys to the Debtors*

## SERVICE LISTS

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case and who were served by the Court's electronic noticing system:

- Daniel A DeMarco    dademarco@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com
- Brian T Giles    bgiles@statmanharris.com
- Paul Anthony Giordano    pgiordano@fowlerwhite.com, ann.greulich@fowlerwhite.com;cynthia.ferguson@fowlerwhite.com
- David E Hicks    theresa.byington@gmail.com
- Mark D. Hildreth    mhildreth@slk-law.com, dcooper@slk-law.com
- Brad W. Hissing    bankruptcynotices@kasslaw.com, bankruptcynotices@yahoo.com
- Robert S Hoofman    rhoofman@rushmarshall.com, arivera@rushmarshall.com
- Richard Johnston    richard.johnston@fowlerwhite.com, cynthia.ferguson@fowlerwhite.com;ann.greulich@fowlerwhite.com
- James P S Leshaw    leshawj@gtlaw.com, miaecfbky@gtlaw.com;mialitdock@gtlaw.com
- John S Sarrett    jsarrett@hahnlaw.com, hlpcr@hahnlaw.com;cmbeitel@hahnlaw.com
- John S Schoene    schoenej@earthlink.net, snydercd@earthlink.net
- Arthur J Spector    aspector@bergersingerman.com, efile@bergersingerman.com;byglesia@bergersingerman.com
- Jeffrey S Stein    PACERteam@gardencitygroup.com
- United States Trustee - FTM    USTPRegion21.TP.ECF@USDOJ.GOV
- Christopher B Wick    cwick@hahnlaw.com, hlpcr@hahnlaw.com
- J Steven Wilkes    steven.wilkes@usdoj.gov

The Garden City Group, Inc., the Debtors claim and noticing agent, is, at the direction of the Debtors' counsel, serving the Motion on the parties identified below on this 13th day of April 2011 (the "GCG Service"). An affidavit detailing the GCG Service will be filed with the Court.

The following parties will be served by GCG:

(i) The Office of the United States Trustee for Region XXI; (ii) all creditors appearing on the Debtors' Schedules of Assets and Liabilities; (c) all creditors filing a proof of claim in the Debtors' bankruptcy cases; (d) all known holders of alleged liens in the De Minimis Assets; and (e) all parties filing a request for service or notice of filings in the Debtors' bankruptcy cases.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

In re:

|  |  |
|---|---|
|  | Chapter 11 |
| EVANS OIL COMPANY LLC | Case No. 9-11-bk-1515-DHA |
| KCWL, LLC | Case No. 9-11-bk-1519-DHA |
| LONG EQUIPMENT FINANCE, LLC | Case No. 9-11-bk-1520-DHA |
| LONG PETROLEUM PRODUCTS, LLC | Case No. 9-11-bk-1521-DHA |
| LONG RUN, LLC | Case No. 9-11-bk-1522-DHA |
| OCTANE, LLC | Case No. 9-11-bk-1523-DHA |
| RML, LLC | Case No. 9-11-bk-1524-DHA |

Debtors
_____/

**(Jointly Administered Under**
**Case No. 9-11-bk-1515-DHA)**

## ORDER GRANTING THE MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR THE ENTRY OF AN ORDER APPROVING PROCEDURE FOR SALE OF DE MINIMIS ASSETS FREE AND CLEAR OF ANY AND ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS

THIS CASE came before the Court pursuant to the April 13, 2011 *Motion of Debtors and Debtors-in-Possession for the Entry of an Order Approving Procedure for Sale of De Minimis Assets Free and Clear of Any and All Liens, Claims, Encumbrances or Other Interests* [Docket No. __] (the "Motion"). The Court has reviewed the Motion and considered the relief requested therein. Accordingly, the Court hereby FINDS that (a) notice of the Motion to the Initial Notice Parties was just and proper and in accordance with all applicable laws and rules including, without limitation, Section 363 and Rules 2002(a), 6004, and 9013; (b) no responses or objections to the relief requested in the Motion were filed by any party in interest; (c) approval of the De Minimis Asset Sale Procedures is in the best interests of the Debtors, their respective estates, creditors, and other parties in interest; (d) the Debtors have proceeded in good faith in formulating the De Minimis Asset Sale Procedures; and (e) the proposed De Minimis Asset Sale Procedures are reasonable, fair, and appropriate for the contemplated De Minimis Asset Sales.

Accordingly, it is **ORDERED**:

3868917.1

(1)     Unless otherwise defined herein, all capitalized terms used herein shall have the meanings ascribed to them in the Motion.

(2)     The Motion is GRANTED as set forth herein.

(3)     The following procedures (the "De Minimis Asset Sale Procedures") hereby apply to proposed sales, transfers, or other dispositions of assets where the total consideration for such sales, transfers, or other dispositions does not exceed $75,000 (the "De Minimis Assets" and the sales thereof "De Minimis Asset Sales"):

> **(A)     Notice of Sale.**  For each proposed De Minimis Asset Sale, Debtors shall file with the Court a notice of sale (the "Notice of Proposed De Minimis Asset Sale"), substantially in the form attached hereto as Exhibit 1, that: **(i)** identifies the De Minimis Assets that are the subject of the proposed De Minimis Asset Sale; **(ii)** states the consideration for such proposed De Minimis Asset Sale and the time by which such consideration must be delivered by the proposed buyer; **(iii)** attaches a copy, *if any*, of the proposed agreement pursuant to which the proposed De Minimis Asset Sale is to occur; **(iv)** attaches a proposed order approving the De Minimis Asset Sale (the "Proposed De Minimis Asset Sale Order"); **(v)** provides that any objection to the proposed De Minimis Asset Sale (a "De Minimis Asset Sale Objection") must be filed with the Court and served on Debtors' counsel within ten (10) days after the date of filing of the Notice of Sale (the "De Minimis Asset Sale Objection Deadline"); **(vi)** provides that if a De Minimis Asset Sale Objection is filed on or before the De Minimis Asset Sale Objection Deadline, then the proposed De Minimis Asset Sale and De Minimis Asset Sale Objection shall be considered by the Court at the next hearing date for these Cases to occur after the De Minimis Asset Sale Objection Deadline, unless otherwise ordered by the Court; and **(vii)** provides that if no De Minimis Asset Sale Objection is filed on or  before the De Minimis Asset Sale Objection Deadline, then the Proposed De Minimis Asset Sale Order shall be submitted to the Court for entry.
>
> **(B)     Sale As-Is, Where-Is.**  All De Minimis Asset Sales shall be (i) shall be sold (the "De Minimis Asset Sale") without representations or warranties of any kind, nature or description by Debtors, their agents or its estates; (ii) shall be transferred "as is," "where is" and with all faults.  Debtors expressly disclaim any warranty of merchantability or fitness for a particular purpose and make no warranty, express or implied, as to the nature, quality, value, or condition of any asset.
>
> **(C)     Sale Free and Clear of all Interests.**  All of Debtors' right, title and interest in and to the De Minimis Assets shall be transferred, free and clear of all liens, claims, interests or encumbrances, if any, (collectively, "Interests") with

such Interests, if any, to attach to the net proceeds of the Sale (the "<u>De Minimis Asset Sale Proceeds</u>") in their respective nature, extent, validity, and priority.  No De Minimis Asset Sale Proceeds shall be distributed without further order of the Court.

(4)     Nothing contained herein is or shall be deemed to be an approval of any proposed De Minimis Asset Sale.  All requests for approval of De Minimis Asset Sales shall come before the Court pursuant to the De Minimis Asset Sale Procedures.

(5)     The Notice of Proposed De Minimis Asset Sale satisfies the requirements of the Bankruptcy Rules and is approved in all respects.

(6)     Not later than one (1) business day after the entry of this De Minimis Asset Sale Procedures Order, Debtors shall (a) serve, or cause to be served, a copy of this De Minimis Asset Sale Procedures Order, on (i) the United States Trustee, (ii) all of the Debtors known secured creditors; and (iii) all parties who have filed a notice of appearance or request for notice in the Debtors' bankruptcy case as of the date of entry of this De Minimis Asset Sale Procedures Order (collectively, the "<u>Notice Parties</u>"); and (b) file a certificate of service with the Court denoting such service.

(7)     The Debtors shall serve the Notice Parties with all Notices of Proposed De Minimis Asset Sales, which such service and notice is approved in all respect notwithstanding anything to the contrary contained in Rule 2002, or otherwise.

(8)     This Order is effective immediately, notwithstanding any other provision of Rule 6004 or 6006.

      **DONE** and **ORDERED** in Chambers at Tampa, Florida on _____.


_____
David H. Adams
United States Bankruptcy Judge


Copies furnished to:

The Garden City Group, Inc., ("<u>GCG</u>")the Debtors claim and noticing agent, will, at the direction of the Debtors' counsel, serve the Order on the parties identified below (the "GCG Service") and will file an affidavit detailing the GCG Service.

The following parties will be served by GCG:

i) the United States Trustee, (ii) all of the Debtors known secured creditors; and (iii) all parties who have filed a notice of appearance or request for notice in the Debtors' bankruptcy case as of the date of entry of this De Minimis Asset Sale Procedures Order.

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

In re:

|  |  |
|---|---|
|  | Chapter 11 |
| EVANS OIL COMPANY LLC | Case No. 9-11-bk-1515-DHA |
| KCWL, LLC | Case No. 9-11-bk-1519-DHA |
| LONG EQUIPMENT FINANCE, LLC | Case No. 9-11-bk-1520-DHA |
| LONG PETROLEUM PRODUCTS, LLC | Case No. 9-11-bk-1521-DHA |
| LONG RUN, LLC | Case No. 9-11-bk-1522-DHA |
| OCTANE, LLC | Case No. 9-11-bk-1523-DHA |
| RML, LLC | Case No. 9-11-bk-1524-DHA |

Debtors

**(Jointly Administered Under**

_____/  **Case No. 9-11-bk-1515-DHA)**

## NOTICE OF (A) PROPOSED DE MINIMIS ASSET SALE PURSUANT TO BANKRUPTCY RULE 6004(a); (B) OPPORTUNITY TO OBJECT TO PROPOSED DE MINIMIS ASSET SALE; AND (C) HEARING, IF ANY, ON PROPOSED DE MINIMIS ASSET SALE

**PLEASE READ THIS NOTICE CAREFULLY.** Debtors and debtors-in-possession Evans Oil Company LLC ("Evans"), KCWL, LLC ("KCWL"), Long Equipment Finance, LLC ("Long Equipment"), Long Petroleum Products LLC ("Long Petroleum"), Long Run, LLC ("Long Run"), Octane, LLC ("Octane"), and RML, LLC ("RML" and together with Evans, KCWL, Long Equipment, Long Petroleum, Long Run and Octane, the "Debtors"), hereby provide notice to all parties Debtors believe may have liens or other interests in the property to be sold of the proposed use, sale, or other disposition of De Minimis Assets (as defined below) outside of the ordinary course of business pursuant to the procedures approved in that certain _Order Granting Motion of Debtors and Debtors-in-Possession for the Entry of an Order Approving Procedure for Sale of De Minimis Assets Free and Clear of Any and All Liens, Claims, Encumbrances or Other Interests_ [Docket No. <mark>_____</mark>] (the "De Minimis Asset

3869215.1

Procedures Order"). Debtors hereby make the following disclosures pursuant to Bankruptcy

Rule 6004 and the De Minimis Asset Sale Procedures Order:

| **Rule** | **Corresponding Disclosure** |
|---|---|
| 6004-(a) | *Assets to be Sold*. The Debtors propose to sell (the "De Minimis Asset Sale") the following assets the Buyer (defined below): [insert description of assets, including the address of any real property proposed to be used, sold, or otherwise disposed of] (collectively, the "De Minimis Assets"). |
| 6004(f)(1), (2) | *Terms of Sale*. The Buyer shall purchase the Assets for consideration consisting of [insert description of consideration, the value of which shall not exceed $75,000] (the "Purchase Price") to be provided by Buyer to Debtors [insert date by which consideration must be received by Debtors]. [Optional: the Asset sale shall be consummated pursuant to the agreement attached hereto as Exhibit ___.] A proposed order approving the De Minimis Asset Sale (the "Proposed De Minimis Asset Sale Order") is attached hereto as Exhibit A. |
| 6004(f)(1) | *Identity of Buyer*. The buyer is [insert name of buyer] (the "Buyer"). The Buyer has the following relationship, if any, to Debtors: [insert any relationship of Buyer to Debtors]. |
| 6004 | *Basis for Purchase Price*. Debtors determined that the Purchase Price is in the best interest of the Debtors' estates based upon [insert basis of Purchase Price]. |
| 6004(b) | *Sale Hearing and Objections to De Minimis Asset Sale.*<br><br>Objection Deadline. Any objection to the De Minimis Asset Sale or form of the Proposed De Minimis Asset Sale Order (a "De Minimis Asset Sale Objection") must be in writing and (a) filed with the Court no later than ten (10) days after the date hereof (the "De Minimis Asset Sale Objection Deadline"); and (b) served upon Debtors' undersigned counsel so that the De Minimis Asset Sale Objection is actually received on or before the De Minimis Asset Sale Objection Deadline.<br><br>De Minimis Asset Sale Hearing. If a De Minimis Asset Sale Objection is filed on or before the De Minimis Asset Sale Objection Deadline, then the proposed De Minimis Asset Sale and De Minimis Asset Sale Objection shall be considered by the Court at the next hearing date to occur after the De Minimis Asset Sale Objection Deadline, unless otherwise ordered by the Court.<br><br>**If no De Minimis Asset Sale Objection is filed on or before the De Minimis Asset Sale Objection Deadline, then the Proposed De Minimis Asset Sale Order shall be submitted to the Court for entry without** |

| Rule | Corresponding Disclosure |
|------|--------------------------|
|      | **hearing.** |

Dated: _____, 2011

Respectfully submitted,


*/s/ Christopher B. Wick*_____
John S. Sarrett (FL Bar No. 0812811)
HAHN LOESER & PARKS LLP
800 Laurel Oak Drive, Suite 600
Naples, FL 34108
Telephone:    (239) 254-2900
Facsimile:    (239) 254-7716
E-mail:        jsarrett@hahnlaw.com

and

Daniel A. DeMarco (OH Bar No. 0038920)
Christopher B. Wick (OH Bar No. 0073126)
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114
Telephone:    (216) 621-0150
Facsimile:    (216) 241-2824
E-mail:        dademarco@hahnlaw.com
                cwick@hahnlaw.com


*Counsel to the Debtors*